East'n. District.
*February* 1826.

HERRIOT & AL.
*vs.*
BROUSSARD.

*HERRIOT & AL. vs. BROUSSARD.*

APPEAL from the court of the fourth district.

Officers of the United States are not to be considered as foreign officers. Their certificates under seal or sign manual are sufficient to give faith and credit to instruments emanating from them in their official capacity.

An endorsement on the back of a title, which remains in the possession of endorsor, does not transfer the property to the endorsee.

A synallagmatic agreement, neither made double nor executed, is null.

Receipts from officers of the United States, for the payment of the purchase money of lands under the preemption laws, are evidence of title.

MATHEWS, J., delivered the opinion of the court. This suit is brought to recover from the defendant a certain tract of land, described in the petition of the plaintiffs, as being held by them by purchase from the United States. The answer contains two grounds of defence : right of possession, and title in the defendant derived from the ancestor of the plaintiffs. The judgment of the district court is in favor of the latter, from which the former appealed.

The evidence of the case establishes the *locum in quo*, and shows the manner in which possession was obtained by the defendant under an act of sale *sous seing privé*, executed by their ancestor and also subscribed by the present plaintiffs. This deed purports to convey the land in question to the defendant, in consideration of a price therein stipulated to be paid by him in annual instalments, but was never accepted or signed by him. As evidence of title in the plaintiffs, they offered two

receipts, dated at New-Orleans, April 20th,
1822, purporting to have been given to the
heirs of A. Herriot for the purchase money of
their pre-emption right to two tracts of land,
founded on the laws of congress, according to
front proprietors of land situated on water
courses, a right to take by purchase the land
in the rear of their possessions : these receipts
are signed by J. J. M·Lanahan, as receiver of
money for the United States, for the district
in which the premises now in dispute are
situated : also two plats of survey, certified by
John C. Turner, as P. D. S. for said district.

The evidence of title in the defendant is the
act, under private signature, above stated,
dated the second of July, 1819; about which
time he took possession of the land, and has
continued to occupy it ever since, uninter-
ruptedly, until the commencement of the pre-
sent suit.

We find on the record two bills of excep-
tion; one to the introduction of the receipts,
and the other to that of the plats of survey.
The objection to the receipts is based on two
grounds: first, want of proof of the signature
of the person who signed them, and of his
official capacity; second, admitting them to

East'n. District.
*February* 1826.

HERRIOT& AL.
*vs*
BROUSSARD.

be genuine, they afford no evidence of title in the plaintiffs, having been transferred from them, by endorsement, to another person. As it regards the first of these grounds of opposition, it is believed that it may be assumed as an axiom, that officers of the United States ought not to be held, in the exercise of authority or performance of the duties of their offices, as foreign, in relation to the citizens or public officers of the states individually. Officers appointed by the power, and in conformity with the principles of the general government, are officers for the whole United States collectively, and for each state separately, so far as their functions relate to the interest of the states separately, or that of the citizens of each state, and *quoad hæc*, they are officers of the state, and as such are presumed to be generally known and recognized; for the governed ought to know their governors and the authority by which they act.

Considered in this light, their acts must be received as authentic, when properly certified; and where they are not bound by law to keep a seal of office, a certificate or act, under their sign manual, is sufficient to give full faith and credit to written instruments emanating from

them in their official capacity. The just foun-

dation of this entire faith and credit rests on
the testimony of public officers, in relation to
matters submitted to their charge, which can-
not be rejected, except on suggestion and
proof of fraud, falsehood, or forgery. We are
therefore of opinion that the judge *a quo* did
not err, in admitting the receipts of the recei-
ver of public moneys for the United States on
the first ground of opposition. The plats of
survey stand on the same footing with the re-
ceipts; and the question respecting their ad-
missibility must receive the same solution.

The right of pre-emption was given to front
proprietors, by an act of congress, passed in
1811, and was limited to three years, but was
afterwards revived, by an act of 1820, and
limited to two years. Under this latter act
the plaintiffs in the present case seem to have
perfected their purchase, and thereby acquir-
ed title from the United States. What may
be the legal effect of the endorsement on the
receipts which they held for payment of the
purchase money to the United States, it is not
now necessary to inquire; being clearly of
opinion that it does not operate a transfer of
their title to the land for which the payment

East'n. District.
*February* 1826.

HERRIOT& AL.
*vs.*
BROUSSARD.

was made. It is not a legal conveyance of real estate, either in form or substance; it does not, on the face of it, purport to be such; it has not been accepted in writing by the endorsee. We therefore conclude that the judge *a quo* did not err on the second ground of objection, in receiving these receipts as evidence of title in the appellees.

Let us now examine the defendant's claim. He relies on a right of possession and a right of property. Having been more than a year in peaceable possession, he has, by our law, acquired the right of being maintained in his occupancy against all persons without title, against whom his possession is adverse; but this right must yield to title, or the right of possession of those under whom he claims; for if they have not legally transferred to him their rights entire, he can only be received as their tenant at will or at sufferance. The possession or right of possession of the ancestor of the plaintiffs, at the time of the execution of the deed *sous seing privé* depended on the extent of the grant under which he held the land fronting on the river; this did not embrace within its limits the property now in dispute, he therefore had no title to it;

consequently no constructive possession, and
it is not pretended that he had actual seizin. At that period he had not even the means
of acquiring title; for the right of preemption, granted by the act of 1811, was lost by limitation or prescription. As he had neither title nor possession at the time of the pretended sale to the defendant, he could not transfer those rights; the appellant is therefore not a possessor under him. But if the act of sale be good in law, and binding on the contracting parties; in other words, if it were a deed completely translative of title, then the title subsequently acquired by the appellees, under the act of congress of 1820, ought to inure to the benefit of the defendant. We are however of opinion that the plaintiffs were authorised to consider that act as a nullity. It is literally and essentially synallagmatic; the obligations created by its very terms are reciprocal warranty on the part of the seller; and promises to pay the price in instalments by the purchaser. To have given it validity in its origin, it was necessary that it should have been executed in as many originals as there are parties having a distinct interest. *Civil Code, p.* 306, *art.* 227. There is

no evidence that it was thus executed: it has never been signed by the vendor, although it contains stipulations on his part to pay the price of the thing sold; as he is not bound by it, in consequence of withholding his signature, the other contracting party may withdraw his consent and consider the act as null and void in truth as never having been executed. The inherent defect arising from want of duplicity is not cured by execution or performance by the defendant, of his obligations; he has not paid the price. The present case differs widely from those cited and relied on by the appellant's counsel: viz. *Bradford's Heirs* vs. *Brown*, 11 *Martin*, 217; *Baudin* vs. *Roliff, vol.* 1, 165; *and Oldham* vs. *Croghan, vol.* 3, 517.

According to this view of the case, it is seen that we consider the receipts for payment of the price of pre-emption claims of land, as conferring title on the purchaser, although not perfected by a grant in form. So the courts of the state have been in the habit of receiving as evidence of title certificates of the commissioners appointed by the government of the United States, for the adjustment and settlement of land claims, which have always been admitted as authentic documents.

HERRIOT& AL.
*vs.*
BROUSSARD.

The defendant claims for remuneration, on account of ameliorations or improvement on the disputed premises, was properly rejected by the court below. He is not one of those possessors to whom our laws accord such a right: he knew that he held without title, for he did not accept that intended to be conveyed by the ancestor of the plaintiffs, either expressly or tacitly, by paying the price stipulated.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.

*Eustis* for the plaintiffs, *Watts & Lobdell* for the defendant.